UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY A. WHITE,

    Plaintiff,

                          07-3026

TARRY WILLIAMS,
KURFMANN, MILLER, SANDERS
STEINBAKER, MONOHAN,
CLAYTON, and ADAMS,

    Defendants.

## Order

    Petitioner has been granted leave to proceed *in forma pauperis* (2/8/07 text entry).  This order delineates the claims that will proceed in this case.

*Allegations*

    Plaintiff alleges that, on September 7, 2006,  Defendant Steinbaker came to escort Plaintiff on a medical writ.  In preparation for transport, Plaintiff was x-rayed and taken to a cell, where Defendants Steinbaker, Miller, Williams, and Kurfmann were present.  Defendant Williams told Plaintiff to kneel on the concrete, for placement of shackles on Plaintiff's ankles.  Plaintiff, however, was unable to comply with this directive because of bad knees.  Kurfmann responded with alleged excessive force, in which  Steinbaker, Williams and Miller either participated or failed to intervene.

    After the attack Plaintiff was taken to the medical unit, but received no medical care for his injuries.  He was subjected to further excessive force by unidentified individuals.  Plaintiff's requests for pictures to be taken of his injuries were all denied.

    After the attack, Plaintiff was locked in a cell for four days, 24 hours a day, with no toilet paper, toothpaste, toothbrush, soap, shampoo, cigarettes, reading materials or shower.  Plaintiff's continued pleas for medical assistance were ignored.  Plaintiff was brought before the Behavior Committee on charges relating to the incident and apparently punished, though he received no advance notice of the charges or hearing.  Kurfmann was one of the Committee members.

    Plaintiff's right hand and wrist were x-rayed.  Though no bones had been broken, the doctor recommended follow-up MRI's, cat scans, "etc."  for plaintiff's other complaints of pain to his back, neck, hands and shoulders.  Plaintiff did not receive those recommended tests.

1

Plaintiff states claims of excessive force against Defendants Steinbaker, Williams, Kurfmann, and Miller. He also seems to claim that Defendants Clayton and Sanders covered up the incident, in effect approving of or condoning the excessive force. However, no reasonable inference of liability arises against Defendants Monohan or Adams. They cannot be held liable for the misconduct of their subordinates simply because they are in charge. *See Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988). Accordingly, Monohan and Adams will be dismissed.

Plaintiff also states constitutional claims regarding the conditions of confinement he suffered after the incident, and for punishment without procedural due process. These claims will proceed as well, though it is far from clear if these defendants were personally responsible. Plaintiff appears to already have another case pending that relates to his medical needs arising from the incident. *White v. Vance*, 07-3025.

The plaintiff is warned that he may be assessed costs pursuant to Fed. R. Civ. P. 54(d) if the defendants prevail in this action. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994)(upholding assessment of costs against indigent pro se plaintiff–"...[T]he rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike."); *see also Sassower v. American Bar Association*, 33 F.3d 733, 736 (7th Cir. 1994)(directing courts to require $5,000 bond to cover costs under Fed. R. Civ. P. 54(d) and potential sanctions under Fed. R. Civ. Proc. 11 before ordering defendants to respond to a pro se litigant's complaint); *Anderson v. Steers*, 998 F.2d 495, 496 (7th Cir. 1993)(upholding requirement that pro se plaintiff post $10,000.00 bond in "apparently frivolous" action). The plaintiff may be required to post bond before proceeding in future cases if he has outstanding debts for assessed costs, fees or sanctions.

IT IS THEREFORE ORDERED:

1) This case proceeds solely on Plaintiff's federal claims of excessive force, unconstitutional conditions of confinement, and punishment without procedural due process. The case proceeds solely against Defendants Steinbaker, Williams, Kurfmann, Miller, Clayton and Sanders. Defendants Monohan and Adams are dismissed for failure to state a claim against them.

2) This case is referred to the Magistrate Judge for entry of a Scheduling Order.

Entered this 2nd Day of May, 2007.

              s\Harold A. Baker

              HAROLD A. BAKER
              United States District Judge