UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY A. WHITE,

    Plaintiff,

                                  07-3026

TARRY WILLIAMS et al.,

    Defendants.

### Case Management Order

Several motions are before the court, addressed in turn below.

1. The plaintiff's motion for appointment of counsel is denied (d/e 25).

In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).[1]

Applying this framework, Plaintiff asserts that he cannot obtain the attorney directory in order to send letters requesting representation.  The court accepts this allegation as true for purposes of this order and finds that the plaintiff is precluded from making reasonable attempts to find counsel on his own.  Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted).

---

[1] Whether appointed counsel would make a difference in the outcome is a question for the Seventh Circuit on review, as *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) has clarified.

Upon review of Plaintiff's submissions in the record, and review in PACER of the many other cases he has litigated, the Court concludes that the plaintiff is competent to litigate his own case. Plaintiff's filings are understandable and display an understanding of what his claims are, what evidence he needs to prove them, and the procedures for conducting discovery. He can submit his own affidavit about what happened since he personally experienced the alleged excessive force and subsequent deprivations. Additionally, the plaintiff should be able to access to his own medical records to help support his claim of injury (see discussion below). No inference arises from the record that Plaintiff lacks the competence to conduct this relatively straightforward discovery.

2. The plaintiff's motion to compel is granted in part and denied in part (d/e 23), as provided below.

The plaintiff seeks certain video recordings from September 7, 2006 to corroborate his claims. The defendants responded that "no responsive video tapes exist." **By May 5, 2008, the defendants are directed to supplement their response by indicating whether video recording cameras exist in the hallways specified in the request, whether the video recordings requested by the plaintiff ever existed, and, if so, what happened to them.**

The plaintiff seeks his medical records, which includes records from Passavant Hospital, Colbertson Hospital and St. John's Hospital from September 7, 2006 to date. The defendants object on the grounds that the plaintiff may obtain his medical file by contacting the appropriate persons at Rushville. The plaintiff does not respond directly, but asserts that he has no money to get copies of these documents.

The plaintiff's medical records are relevant to substantiating his claims of injuries. While the defendants are not require to subsidize the plaintiff's litigation, "[t]here is a presumption that 'the responding party must bear the expense of complying with discovery requests. . .'" *Hagemeyer North America, Inc. V. Gateway Data Sciences Corp.*, 222 F.R.D. 594 (E.D. Wis. 2004), *quoting Oppenheimer Fund, Inc. V. Sanders*, 437 U.S. 340 (1978). Additionally, the defendants would likely need to attach copies of the relevant medical records to their motion for summary judgement in order to demonstrate the absence of a disputed issue of material fact, meaning that the defendants would be providing copies to the plaintiff in any event.

The plaintiff is advised to request to view his medical records through the proper channels. Upon review, he should determine which records he needs copies of and ask for those copies. If the copies are denied, he may file a motion to compel with the court by May 30, 2008, explaining exactly what documents he seeks. The party opposing discovery bears the burden of overcoming this presumption. Id. **Discovery is extended to May 30, 2008, for the purpose of allowing the plaintiff time to obtain copies of his relevant medical records. The dispositive motion deadline is extended to July 31, 2008.**
The plaintiff seeks the depositions of certain individuals, but it is not the defendants' responsibility to pay for and arrange the plaintiff's depositions. Nor can the court pay for those depositions. The motion is therefore denied to the extent it requests depositions.

The plaintiff asks for documents about alleged mistreatment of other residents. The burden and expense of this discovery requested outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). Complaints and lawsuits against prison and detention officials are commonplace, coming with the job. It would be a fishing expedition, requiring mini-trials within this case to determine the factual merit of complaints and lawsuits against defendants involving other residents and facts unrelated to this case. The relevance of evidence of prior misconduct against other residents is unlikely to be relevant in this case and likely to be inadmissible, either as irrelevant, as an attempt to prove action in conformity with a character trait, or because its probative value is outweighed by the danger of unfair prejudice.

The court also agrees that the employment contracts between the defendants and DHS are irrelevant to this civil rights action. The court does not see how the contracts would be relevant, admissible evidence or are reasonably calculated to lead to relevant, admissible evidence.

3. Motion #30 was granted in the court's text order of 3/31/08, but that text order mistakenly referenced motion #3 instead of #30. The clerk is directed to make the correction in the docket.

Entered this <u>11th</u> Day of <u>April</u>, 2008.

**s\Harold A. Baker**

HAROLD A. BAKER
United States District Judge