UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GREGORY A. WHITE,
    Plaintiff,

07-3026

TARRY WILLIAMS, et al.,
    Defendants.

### Order Dismissing Case with Prejudice

On April 13, 2010, the court entered an order directing that the trial in this case would be held completely by video conference. The court cited the prior criminal charges against the plaintiff for batteries on correctional officers and DHS employees, and also:

> the plaintiff's own conduct at the April 9 hearing . . . [which] confirmed that he has a clear inability to control his anger and manner of disagreeing with adverse rulings — he directed words at the court and opposing counsel that would "make a sailor blush."\*  This court will not expose DHS or the court's security personnel to the clear chance that White may decide to act out his aggressions at the trial.  (d/e 106, p. 2).

On May 3, the final pretrial conference was held by video conference. From the beginning, it did not go well. The plaintiff claimed that he had not received a copy of the proposed final pretrial order, despite defense counsel's assertions at the hearing and in the proposed final pretrial order that the plaintiff had been sent a copy, and that "[w]hen counsel attempted to speak with Plaintiff about a final version of this proposed order, Plaintiff cursed at counsel and refused to participate." (Proposed final pretrial order, d/e 114, p. 7).

The court declared a brief recess and had the clerk fax the proposed final pretrial order and the proposed lists of witnesses to the plaintiff at Rushville. Upon resuming the hearing, the court attempted to go through the final pretrial order with the parties. However, the plaintiff became obstreperous, claiming that he had not received a copy of the court's order granting partial summary judgment, which was entered April 7, 2010, and which left for trial only the excessive force claim. (d/e 97). The court tried to refocus the plaintiff on the final pretrial order, but, instead of being cooperative and business-like, the plaintiff became disruptive and belligerent, throwing his papers, accusing the court of bias and prejudice, and challenging the court to just dismiss the case so that the plaintiff could take it up on appeal. The court warned the plaintiff that he would be held in contempt of court if he continued with his misconduct, but that admonition failed to deter the plaintiff. The court then found the plaintiff in contempt of court and dismissed the case with prejudice because of his misconduct that made it impossible to proceed in a normal manner.

\* with apologies to Lerner & Lowe.

> "Longstanding precedent confirms the power of courts to find summary contempt and impose punishment." *Pounders v. Watson*, 521 U.S. 982, 987 (1997) (citations omitted).

> To preserve order in the court room for the proper conduct of business, the court must act instantly to suppress disturbance or violence or physical obstruction or disrespect to the court when occurring in open court. There is no need of evidence or assistance of counsel before punishment, because the court has seen the offense. Such summary vindication of the court's dignity and authority is necessary. It has always been so in the courts of the common law and the punishment imposed is due process of law.

*Id.*, *quoting Cooke v. United States*, 267 U.S. 517 (1925). "Where misconduct occurs in open court, the affront to the court's dignity is more widely observed, justifying summary vindication." *Id.*; *see also* 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, . . . as (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice[.]").

The court could find the plaintiff in contempt and impose a fine or imprisonment, but neither would be a meaningful sanction here, since the plaintiff is already detained and indigent. The court recognizes that dismissal with prejudice is an extreme sanction. *Weibrecht v. Southern Illinois Transfer, Inc.*, 241 F.3d 875, 884 (7th Cir. 2001). In the court's opinion, though, dismissal with prejudice is warranted for the plaintiff's misconduct in open court, which the court perceived as a direct challenge to the dignity and authority of this court. *See Thompson v. Holmes*, 738 F. Supp. 318, 319 (N.D. Ind. 1990) (dismissing pro se inmate's case with prejudice because of the plaintiff's contumacious conduct at trial: "The only meaningful sanction that could have been imposed for contempt would have been a dismissal of the case with prejudice."); *Botany v. Heeringa*, 521 F. Supp. 1369, 1370 (E.D. Wis. 1981) (dismissing pro se inmate's case with prejudice for the plaintiff's unruly conduct at trial: "The only realistic means of vindicating the authority of the court and of preserving proper decorum and good order in the court is to dismiss the civil action with prejudice.").

IT IS THEREFORE ORDERED:

1) This case is dismissed with prejudice as a sanction for the plaintiff's unruly, obstreperous and disrespectful conduct in open court at the final pretrial conference on May 3, 2010. All pending motions are denied as moot (d/e 117, 118, 119); the allotments for jury selection and trial are vacated; and this case is terminated.

2) The court reporter is directed to prepare a transcript of the final pretrial conference on May 3, 2010, and the hearing on April 9, 2010, costs to be borne by the United States. The clerk is directed to send a copy of this order to the court reporter.

3) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to

appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

Entered this 10th Day of May, 2010.

<u>\s\Harold A. Baker</u>
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE